Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Michelle S. Lim (SBN 315691)
Philippe M. Gaudard (SBN 331744)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@scheniderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff and Class members*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE TIRADO, on behalf of herself and the Class members,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC; L BRANDS, INC.;<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay for All Hours Worked (Labor Code § 204);<br>(2) Failure to Pay Minimum Wage and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br>(3) Waiting Time Penalties (Labor Code §§ 201-203);<br>(4) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code §§ 201-203);<br>(5) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff Monique Tirado, individually and on behalf of all others similarly situated, brings this class action against Defendants Victoria's Secret Stores, LLC ("Victoria's Secret") and L Brands, Inc. ("L Brands") (collectively "Defendants") on behalf of individuals who have worked for Defendants as non-exempt hourly employees and have been subject to Defendants' wage and hours and COVID-19 health protocols policies and practices. Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for all hours worked and have been forced to undergo temperature screenings while off-the-clock. This case implicates Defendants' longstanding policies and practices, which fail to properly compensate non-exempt employees for work performed while "off-the-clock."

2. Defendants' conduct violates California law by knowingly and willfully requiring Plaintiff and Class members to perform work and/or remain on duty for the benefit of Defendants while off-the-clock. Plaintiff and Class members bring these claims to challenge Defendants' policies and practices of: (1) failing to pay Plaintiff and Class members all minimum wages owed; (2) failing to compensate Plaintiff and Class members for all hours worked; (3) failing to pay all wages owed upon separation of employment; and (4) failing to provide Plaintiff and Class members accurate, itemized wage statements.

3. Plaintiff files this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of herself and Class members under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants has integrated into its time tracking, payroll, and security policies across their stores throughout California that have deprived Plaintiff and Class members of their lawfully earned wages.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court has original federal jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in controversy is between citizens of different States. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this district and the claims asserted arose in this district. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

## PARTIES

6.   Plaintiff Monique Tirado is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the County of Tulare, California. Plaintiff was employed as a non-exempt employee by Defendants in Visalia, California, from November 1, 2020 until December 6, 2020.

7.   The Class members are all people who are or who have been employed by Defendants as hourly non-exempt employees at any location operated by Defendants throughout the State of California, since March 4, 2020.

8.   Plaintiff is informed, believes, and thereon alleges that Defendant Victoria's Secret Stores, LLC is a Delaware corporation with its principal place of business located in Columbus, Ohio, and is registered to do business in California. Defendant may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

9.   Plaintiff is informed, believes, and thereon alleges that Defendant L Brands, Inc. is a Delaware corporation with its principal place of business located in Columbus, Ohio. Defendant may be served with process by serving its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.   Plaintiff is informed, believes, and thereon alleges that, in California, Defendants jointly own, operate, and/or manage stores throughout the state commonly referred to as Victoria's Secret. Plaintiff is informed, believes, and thereon alleges that Defendants jointly employ Class members, among other hourly employees, in this County and throughout the state of California.

11.   Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercise control over Plaintiff and Class members with respect to their employment.

12.   Plaintiff is informed, believes, and thereon alleges that each and every one of the acts

and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and /or direction and control.

13. At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class members in this County and elsewhere throughout California. Defendants are "persons" as defined in Labor Code § 18 and "employers" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

14. Defendants employ Plaintiff and Class members, because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class members.

## FACTUAL ALLEGATIONS

15. Defendants operate a chain of lingerie, clothing, and beauty retail stores throughout the United States and California. Defendants employ thousands of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

16. Plaintiff worked at the Victoria's Secret location in Visalia, California, as a non-exempt employee sfrom November 1, 2020 until December 6, 2020. Plaintiff was paid at an hourly rate of approximately $14.00. On average, Plaintiff worked approximately 16 hours per week. Plaintiff usually worked shifts of 4 to 5 hours per day, 4 days per week.

17. As a matter of course, since approximately March 4, 2020 and in response to the Covid-19 pandemic, Defendants have required all employees to undergo a temperature screening prior to clocking in for the start of their scheduled shifts. Defendants routinely make Plaintiff and Class members wait for these temperature screenings at the beginning of their shifts while they are off-the-clock–before they have clocked in. Plaintiff and Class members are required to wait on average 5 minutes, and sometimes even longer, before their shift begins. This time spent waiting for temperature checks is compensable, but nevertheless goes unpaid.

18. As a result of these policies, Defendants deny Plaintiff and Class members compensation which they are lawfully owed resulting from the additional off-the-clock, pre-shift work.

19. Plaintiff is informed, believes, and thereon alleges that this same temperature screening protocol is used across all Defendants' Victoria's Secret facilities throughout California.

20. Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same or substantially similar timekeeping mechanism throughout all of their stores in California.

21. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendants have failed to record hours that Plaintiff and Class members worked off-the-clock.

22. Class members were and are employed by Defendants and performed work materially similar to Plaintiff.

23. Class members report to facilities owned, operated, or managed by Defendants to perform their jobs.

24. Class members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

25. Class members are required to follow and abide by common work, time, and pay policies and procedures in the performance of their jobs, including the temperature check requirement.

26. At the end of each pay period, Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

27. Defendants pay Class members on an hourly rate basis.

28. Defendants employ hundreds of people similarly situated to Plaintiff during the period from March 4, 2020 until the filing of this Complaint.

29. Defendants' method of paying Plaintiff and Class members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

30. Defendants' conduct is willful, is carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

31. Plaintiff brings the California State law claims on behalf of herself and all others similarly situated as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt workers employed at any Victoria's Secret store throughout California during the time period starting March 4, 2020 until resolution of this action. (the "Class")**

32. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

33. <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

34. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   a. Whether Defendants have a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

   b. Whether Defendants fail to compensate Class members for all hours worked, including at minimum wages and/or regular rate wage compensation, in violation of the Labor Code and Wage Orders;

   c. Whether Defendants fail to pay all wages owed upon Class members' separation of

employment;

d. Whether Defendants violates Business and Professions Code §§ 17200 *et seq.*, by:

(a) failing to pay Class members minimum wage for all hours worked.

(b) failing to compensate Class members for all hours worked, including at minimum wage and at regular rate wage compensation; and

(c) failing to pay Class members for all wages owed upon separation of employment.

e. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

35. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

36. <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

37. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

38. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication

1  with respect to individual members of the Class which would establish incompatible standards of
2  conduct for Defendants.

3  39. If each individual Class member were required to file an individual lawsuit, Defendants
4  would necessarily gain an unconscionable advantage because Defendants would be able to exploit
5  and overwhelm the limited resources of each member of the Class with Defendants' vastly superior
6  financial and legal resources.

7  40. Requiring each individual Class member to pursue an individual remedy would also
8  discourage the assertion of lawful claims by the Class members who would be disinclined to pursue
9  these claims against Defendants because of an appreciable and justifiable fear of retaliation and
10 permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
**(On Behalf of the Class)**

13 41. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth
14 herein.

15 42. Defendants willfully engaged in and continue to engage in a policy and practice of not
16 compensating Plaintiff and putative Class members for all hours worked or spent in its control.

17 43. Defendants intentionally and willfully require Plaintiff and the Class members to
18 complete additional work off-the-clock. Plaintiff and putative Class members are required to undergo
19 temperature checks while off-the-clock for an average of 5 minutes before starting their shift, for
20 every shift worked. Plaintiff and Class members are not compensated for this work. As a result,
21 Defendants fail to pay Plaintiff and the Class members for all hours worked and fail to track their
22 actual hours worked.

23 44. Labor Code section 204 provides in part that "all wages . . . earned by any person in
24 any employment are due and payable twice during each calendar month, on days designated in
25 advance by the employer as the regular paydays."

26 ///
27 ///
28 ///

45. Labor Code section 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

46. Labor Code section 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

47. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

48. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

49. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiff and the Class actually work or to compensate them for all hours worked. Therefore, Defendants committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Class members' rights. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

50. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

51. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

52. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

53. During the applicable statutory period, California Labor Code §§ 1182.12 and 1197,

and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020, and fourteen dollars ($14.00) per hour commencing on January 1, 2021.

54. Defendants maintain, and has maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock during time spent for temperature checks, which is time worked that is uncompensated.

55. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

58. Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section

1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

59. IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

60. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000),and is entitled to an award of costs and reasonable attorney's fees.

61. Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

62. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provides their employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

63. Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

64. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

65. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

66. Defendants do not provide putative Class members with their wages when due under California law after their employment with Defendants ends.

67. Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

68. Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

69. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

70. Some of the putative Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

71. Defendants willfully refused and continue to refuse to pay putative Class members all the wages that are due and owing to them, in the form of uncompensated off-the-clock time, upon the end of their employment as a result of Defendants' willful failure to provide Plaintiff and the putative Class members with payment for all hours worked. As a result of Defendants' actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

72. Defendants' willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

73. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

74. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of the Class)**

75. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

76. California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

77. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

78. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

79. Beginning on a date unknown to Plaintiff, but at least since March 4, 2020, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

   a. violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

   b. violations of Labor Code § 203 pertaining to failure to pay all wages owed upon separation of employment; and

   c. violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

80. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

81. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§

17200 et seq. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

82. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

83. Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

84. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class members, requests the following relief:

1. For an order certifying the Causes of Action herein described as a class action pursuant to Federal Rule of Civil Procedure 23;
2. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;
3. For a declaratory judgment that Defendants violated the California Labor Code, California law, and public policy as alleged herein;
4. For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 et seq. as a result of the aforementioned violations of the California Labor Code;
5. For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts

according to proof;

6. For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

7. For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

8. For all costs of suit;

9. For interest on any wages or damages awarded, as provided by applicable law; and

10. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: April 15, 2021

/s/ Carolyn H. Cottrell
Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
Philippe M. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and Class Members*

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Date: April 15, 2021

/s/ Carolyn H. Cottrell
Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
Philippe M. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and Class members*