Carolyn Hunt Cottrell (SBN 166977)
Esther L. Bylsma (SBN 264208)
Philippe M. Gaudard (SBN 331744)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ebylsma@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE TIRADO, on behalf of herself and the Class members,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTORIA'S SECRET STORES, LLC; L BRANDS, INC.;<br><br>Defendants. | Case No. 1:21-CV-00636-JLTA-SKO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS VICTORIA'S SECRET STORES, LLC AND L BRANDS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      June 17, 2024<br>Time:      9:00 a.m.<br>Courtroom:  4 (7th Floor)<br><br>Complaint Filed:  April 15, 2021 |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  RELEVANT BACKGROUND................................................................................2

   A.  Ochoa Files a Class Action Alleging That Defendants Failed to Pay Employees for Their Work Preparing the Store ................................................2

   B.  Plaintiff Files a Class Complaint Alleging That Defendants Required Class Members to Undergo COVID-19 Temperature and Health Checks But Did Not Pay for This Compensable Time................................................................3

   C.  The Court Stays This Action................................................................................4

   D.  Ochoa Settles Her Class Claims................................................................4

   E.  Ochoa Revises the Class Release to Claims That Were Asserted or Could Be Asserted "Based on Facts Alleged in the Operative Complaint"................................5

   F.  The Ochoa Court Grants Final Approval Based on the Revised Class Release ..5

III.  STANDARD OF REVIEW ................................................................................5

IV.  ARGUMENT ................................................................................6

   A.  Fed. R. Civ. P. 12(c) Does Not Authorize Partial Judgments ................................6

   B.  The Doctrine of Release Does Not Bar Plaintiff's Class Claims................................8

   C.  The Doctrine of Res Judicata Does Not Bar Plaintiff's Class Claims ..............10

      1.  Defendant Bears the Burden of Establishing All Elements of Res Judicata ..10

      2.  Defendant Has Failed to Establish the First Element (Identical Causes of Action)................................................................11

      3.  Defendant Cannot Establish the Third Element (Privity)................................17

      4.  Injustice Would Result if Plaintiff's Class Claims Were Barred ..................18

   D.  The Class Claims Here Continue After Ochoa's Release Period ......................19

V.  CONCLUSION ................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Accord Torres v. Carescope, LLC*
No. 2:15-cv-00198-TLN-CKD, 2020 U.S. Dist. LEXIS 221749 (E.D. Cal. Nov. 24, 2020) ...................................................................................................................7

*Adam Bros. Farming, Inc. v. Cty. of Santa Barbara*
604 F.3d 1142 (9th Cir. 2010)...............................................................................12

*Amaro v. Anaheim Arena Mgmt., LLC*
69 Cal. App. 5th 521 (2021) ....................................................................................9

*Arteaga v. UPS Inc.*
No. 2:21-cv-06011-VAP-ASx, 2023 U.S. Dist. LEXIS 52652 (C.D. Cal. Jan. 17, 2023) ....................................................................................................9, 12, 13, 14

*Arzaga v. Santiago*
No. 2:18-cv-0313 KJM KJN P, 2022 U.S. Dist. LEXIS 78052 (E.D. Cal. Apr. 27, 2022) .......................................................................................................................8

*Baiul v. NBC Sports*
732 F. App'x 529 (9th Cir. 2018) ............................................................................8

*Boeken v. Philip Morris USA, Inc.*
48 Cal. 4th 788 (2010) ....................................................................................11, 12

*Casas v. Victoria's Secret Stores, LLC, et al.*
C.D. Cal. Case No. CV 14-6412-GW(VBKx) ........................................................4

*Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*
168 Cal. App. 4th 675 (2008) ................................................................................11

*CVS Pharmacy, Inc. v. Superior Court*
241 Cal. App. 4th 300 (2015) ................................................................................19

*De La Cueva v. Alta Dena Certified Dairy, LLC*
 No. CV 12-1804-GHK (CWx), 2013 U.S. Dist. LEXIS 198734 (C.D. Cal. May 9,
 2013) ..............................................................................................................10

*Dmuchowsky v. Sky Chefs, Inc.*
 No. 17-cv-05521-JCS, 2018 U.S. Dist. LEXIS 192361 (N.D. Cal. Nov. 9, 2018)...16

*Erhart v. BofI Holding, Inc.*
 387 F. Supp. 3d 1046 (S.D. Cal. 2019)....................................................................7

*Harbor Breeze Corp. v. Newport Landing Sportfishing*
 No. SACV 17-01613-CJC(DFMx), 2018 U.S. Dist. LEXIS 238482 (C.D. Cal. Feb.
 14, 2018) ..........................................................................................................6

*Herrera v. Zumiez, Inc.*
 953 F.3d 1063 (9th Cir. 2020)...........................................................................5

*Huerta v. CSI Elec. Contractors, Inc.*
 No. 18-cv-06761-BLF, 2021 U.S. Dist. LEXIS 35678 (N.D. Cal. Feb. 25, 2021).....7

*In re Crow,*
 4 Cal. 3d 613 (1971) .....................................................................................10

*In re STEC Inc.*
 No. SACV 09-01304-JVS (MLGx), 2012 U.S. Dist. LEXIS 186180 (C.D. Cal. Mar.
 7, 2012) ...........................................................................................................20

*Johnson v. Winco Foods, LLC*
 No. ED CV 17-2288-DOC (SHKx), 2019 U.S. Dist. LEXIS 204272 (C.D. Cal. Sep.
 18, 2019) .........................................................................................................17

*Jones v. San Diego Metro. Transit Sys.*
 No. 14-CV-1778-LAB-KSC, 2016 U.S. Dist. LEXIS 96109 (S.D. Cal. July 22,
 2016) ..........................................................................................................16, 18

*Kearney v. Foley & Lardner LLP*
 No. 05-CV-2112-AJB-JLB, 2016 U.S. Dist. LEXIS 133807 (S.D. Cal. Sep. 28,
 2016) ...............................................................................................................19

*Kelly Moore Paint Co. v. Nat'l Union Fire Ins. Co.*
 No. 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 69948 (N.D. Cal. May 21, 2014)..20

*LaCour v. Marshalls of Cal., LLC*
   94 Cal. App. 5th 1172 (2023) ................................................................18

*Lao v. H&M Hennes & Mauritz, L.P.*
   No. 5:16-cv-00333-EJD, 2017 U.S. Dist. LEXIS 177135 (N.D. Cal. Oct. 25, 2017)
   ...............................................................................................................16

*Le Parc Cmty. Assn. v. Workers' Comp. Appeals Bd.*
   110 Cal. App. 4th 1161 (2003) .............................................................10

*Living on the Edge, LLC v. Lee*
   No. CV-14-5982-MWF (JEMx), 2015 U.S. Dist. LEXIS 192532 (C.D. Cal. Aug. 25, 2015) ..........................................................................................7

*Love v. Int'l Hotel Assocs. No. 2 LLC*
   No. 20-cv-08689-HSG, 2021 U.S. Dist. LEXIS 189091 (N.D. Cal. Sep. 30, 2021)..5

*Magana v. Zara USA, Inc.*
   856 F. App'x 83 (9th Cir. 2021) ............................................................17

*Mata v. Manpower Inc.*
   No. 14-CV-03787-LHK, 2016 U.S. Dist. LEXIS 11761 (N.D. Cal. Jan. 31, 2016).15

*Mays v. Wal-Mart Stores, Inc.*
   354 F. Supp. 3d 1136 (C.D. Cal. 2019) ...............................................7, 8

*Mitchell v. Gonzales*
   No. 1:23-cv-00062-SAB (PC), 2023 U.S. Dist. LEXIS 204685 (E.D. Cal. Nov. 15, 2023) ....................................................................................................10

*Mostowy v. United States*
   966 F.2d 668 (Fed. Cir. 1992).............................................................5, 6

*Prieto v. United States Bank Nat'l Ass'n*
   No. CIV S-09-901 KJM EFB, 2012 U.S. Dist. LEXIS 141891 (E.D. Cal. Sep. 30, 2012) ....................................................................................................15

*Scott v. Kuhlmann*
   746 F.2d 1377 (9th Cir. 1984)..................................................................6

*Shine v. Williams-Sonoma, Inc.*
   23 Cal. App. 5th 1070, 233 Cal. Rptr. 3d 676 (Ct. App. 2018) ................16

*Stonehocker v. Kindred Healthcare Operating, LLC*
    No. 19-cv-02494-YGR, 2019 U.S. Dist. LEXIS 160920 (N.D. Cal. Sep. 19, 2019)
    ........................................................................................................passim

*Swasey v. Seterus, Inc.*
    No. 2:16-cv-01633-TLN-EFB, 2021 U.S. Dist. LEXIS 185975 (E.D. Cal. Sep. 28,
    2021) ................................................................................................................7

*Taylor v. Sturgell*
    553 U.S. 880 (2008) ....................................................................................11, 18

*United States v. Bhatia*
    545 F.3d 757 (9th Cir. 2008) ............................................................................18

*Weston v. CDCR*
    No. 1:20-cv-00326-JLT-GSA-PC, 2022 U.S. Dist. LEXIS 193235 (E.D. Cal. Oct.
    23, 2022) ............................................................................................................8

*Woodard v. Labrada*
    2021 WL 4499184 (C.D. Cal. Aug. 31, 2021) ...........................................2, 13

**Statutes**

Fed. R. Civ. P. 12(b)(6) ..........................................................................................20

Fed. R. Civ. P. 12(c) ........................................................................................passim

Fed. R. Civ. P. 12(d) ................................................................................................6

# I. INTRODUCTION

This is a wage and hour class action based on one discrete claim. During a limited time period, Victoria's Secret required Class members to undergo Covid-19 checks, but did not pay them for this compensable time.[1]

This claim was not part of the *Ochoa* action.[2]

The complaint in *Ochoa* was filed years before Covid-19, and did not involve any allegations regarding Covid-19 checks. Instead, the plaintiff in *Ochoa* alleged that Victoria's Secret required employees to perform work preparing the stores before the stores opened, but Victoria's Secret did not pay employees for this time. The plaintiff in *Ochoa* could not have included any allegations regarding Covid-19 checks in her complaint. She terminated her employment with Victoria's Secret in February 2016, long before Covid-19 started. She is not a part of the Class in this Action. She does not have and never had standing to bring, pursue, or release the Class claims in this Action.

Unsurprisingly, whether or not Victoria's Secret violated the Labor Code by requiring but not compensating employees for Covid-19 checks was not part of the *Ochoa* case, and was not assessed or valued as part of the *Ochoa* settlement. As the *Ochoa* plaintiff later told the court when seeking approval of her settlement, her counsel agreed to the settlement after their review of time and pay data limited to the 2017 year (pre-Covid). And, as the *Ochoa* court specifically required, the *Ochoa* plaintiff and Victoria's Secret revised the release of class claims in the settlement so that the release was specifically limited to only claims that were brought or could be brought in *Ochoa* based on the factual allegations in her complaint.

---

[1] "Victoria's Secret" or "Defendant" refers collectively to defendants Victoria's Secret Stores, LLC and L Brands, Inc. "Class" refers to all current and hourly non-exempt workers employed at any Victoria's Secret store throughout California during the time period from March 4, 2020 until resolution of the action.

[2] "*Ochoa*" refers to *Elizabeth Ochoa, et al. v. L Brands, Inc., et al.*, Los Angeles County Superior Court Case No. BC661822.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS
*Tirado v. Victoria's Secret Stores, LLC, et al.*

Under these straightforward facts, Victoria's Secret cannot meet its burden to show (as it must) that this Action implicates the same primary rights as in *Ochoa*, or that Plaintiff is in privity with the *Ochoa* plaintiff, or that the class release in *Ochoa* covers the class claims in this Action. As this Court previously observed:

> Although both Ochoa's injuries and Tirado's injuries generally arise from unpaid wages for work performed off-the-clock, they may not share substantial similarity in the underlying employment practice and policies that created those claims. Accordingly, distinct legal questions may exist about whether the different policies each violate the California Labor Code. *See Woodard v. Labrada*, 2021 WL 4499184, at \*32 (C.D. Cal. Aug. 31, 2021) ("Differences in applicable law among putative class members can impede the generation of common answers." (internal quotations and alterations omitted)). Indeed, Victoria Secret maintains that Tirado's claims lack merit because "it is an open question as to whether government-mandated screenings would even be compensable." (Doc. 34 at 3 n.1.) Thus, Tirado's temperature screening claims likely could not have been raised in the Ochoa complaint, demonstrating that the <u>**two cases assert different causes of action under the primary right theory**</u>.

*See* Order Denying Defendant's Motion to Dismiss (Dkt. No. 35), at p. 15 (emphasis added).

Plaintiff should be permitted to pursue the class claims in this Action – that have not yet been litigated anywhere else – on behalf of the Class. Accordingly, Defendant's Motion should be denied.

## II.    RELEVANT BACKGROUND

### A.    Ochoa Files a Class Action Alleging That Defendants Failed to Pay Employees for Their Work Preparing the Store

Elizabeth Ochoa ("Ochoa") worked for Victoria's Secret from approximately May 2014 to February 2, 2016. *See* RJN, Exhibit A, *Ochoa* First Amended Complaint, ¶4.[3]

Ochoa filed her first amended complaint on March 14, 2017. *Id.* Ochoa in her first amended complaint stated that the class action lawsuit was based on "Defendants' policy, practice, and/or procedure of requiring Plaintiff and similarly situated hourly

---

[3] "RJN" refers to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion for Judgement on the Pleadings, filed concurrently herewith.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS
*Tirado v. Victoria's Secret Stores, LLC, et al.*

non-exempt employees to **work 15 minutes prior to the start of their shift without being paid for that time**." *Id.*, ¶1 (emphasis added).

Ochoa alleged: "In this case, Defendants employed a policy, practice, and/or procedure whereby Plaintiff and similarly situated employees were required to arrive approximately 15 minutes prior to the start of their shift in order in order [stet] to arrange the stores before they opened to the public." *Id.*, ¶18.

In her first amended complaint, Ochoa made no mention of COVID-19 related temperature and health checks at all. Nor could she, as her employment terminated long before COVID-19 began.

**B.      Plaintiff Files a Class Complaint Alleging That Defendants Required Class Members to Undergo COVID-19 Temperature and Health Checks But Did Not Pay for This Compensable Time**

Plaintiff Tirado worked for Victoria's Secret from November 1, 2020 to December 6, 2020. *See* Complaint, ¶6.[4]

On May 11, 2021, Plaintiff filed a complaint in the above-captioned action ("Action"). In her complaint, Plaintiff stated that she was bringing the class action "on behalf of individuals who have worked for Defendants as non-exempt hourly employees and have been subject to Defendants' wage and hours and COVID-19 health protocols policies and practices." *Id.*, ¶1. Plaintiff alleged:

> As a matter of course, since approximately March 4, 2020 and in response to the Covid-19 pandemic, Defendants have required all employees to undergo a temperature screening prior to clocking in for the start of their scheduled shifts. Defendants routinely make Plaintiff and Class members wait for these temperature screenings at the beginning of their shifts while they are off-the-clock–before they have clocked in. Plaintiff and Class members are required to wait on average 5 minutes, and sometimes even longer, before their shift begins. This time spent waiting for temperature checks is compensable, but nevertheless goes unpaid.

*Id.*, ¶17.

---

[4] "Complaint" refers to Plaintiff's Class Action Complaint (Dkt. No. 1), filed April 15, 2021 in this Action.

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

*Tirado v. Victoria's Secret Stores, LLC, et al.*

### C.     The Court Stays This Action

On March 10, 2023, the Court denied Defendant's motion to dismiss this Action on the basis of *Ochoa*, noting among other things, that "Tirado's claims rest on a unique factual basis not presented in the *Ochoa* action" and "the *Ochoa* action may not resolve all of Tirado's claims." Order Denying Defendant's Motion to Dismiss (Dkt. No. 35), at p. 15. However, the Court administratively stayed the Action pending resolution of the previously filed cases.

### D.     Ochoa Settles Her Class Claims

In advance of mediation, Ochoa investigated the class claims in her action. *See* RJN, Exhibit B (Ochoa Plaintiffs' Supplemental Briefing), p. 8.

Ochoa obtained and evaluated a sampling of time and wage statement records from Defendant for the year 2017. *Id*.

As Ochoa later informed the court, her counsel "believed 2017 to be the most optimal representative sample for several reasons." *Id*., p. 9. She said:

> First, 2017 contained the largest amount of data for a single year. Second, 2017 was one of only three full years in the class period that both **pre-dated the COVID-19 pandemic**, which caused statewide store closures, and post-dated the *Casas v. Victoria's Secret Stores, LLC, et al*., C.D. Cal. Case No. CV 14-6412-GW(VBKx) settlement, which resolved many of the same claims at issue in this case. Third, 2017 provided a statistically significant sample.

*Id*. As Ochoa later informed the court, the pre-Covid data was the basis for her assessment and agreement to enter into the settlement. *See id*. ("As such, Class Counsel believes that the data and metrics reviewed in advance of mediation were significant and more than sufficient to provide a basis for the settlement and the contention that the settlement is fair, reasonable, and adequate based on the value of the claims.").

Ochoa negotiated and reached an agreement to settle her action at mediation. *Id*., p. 13.

On December 30, 2021, Ochoa submitted a motion for preliminary approval of her settlement. *Id., p. 1.

The *Ochoa* court **did not** preliminary approve the settlement, and specifically stated that the release of class claims "**should specify that it is limited to claims asserted in or based on facts alleged in the operative complaint.**" *Id.*, p. 2.

### E. Ochoa Revises the Class Release to Claims That Were Asserted or Could Be Asserted "Based on Facts Alleged in the Operative Complaint"

*Ochoa* revised the release of class claims in her settlement as instructed by the *Ochoa* court. *See* RJN, Exhibit B (Ochoa Plaintiffs' Supplemental Briefing), p. 2. Ochoa informed the court that: "the Parties have revised the settlement agreement to clarify that the released class claims are limited to claims that "were asserted in the operative Second Amended Complaint . . .or could have been asserted . . . because they reasonably arise out of the **same set of operative facts** as alleged" in the operative complaint. (Amended Settlement Agreement, § 23.a.)." *Id.*

### F. The Ochoa Court Grants Final Approval Based on the Revised Class Release

On February 3, 2023, the *Ochoa* court granted final approval of the settlement based on the revised class release. *Id.*, Exhibit B, p. 17.

## III. STANDARD OF REVIEW

"The standard for judgment on the pleadings is stringent." *Mostowy v. United States*, 966 F.2d 668, 672 (Fed. Cir. 1992).[5] "[A] Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). "The Court will 'accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.'" *Love v. Int'l Hotel Assocs. No. 2 LLC*, No. 20-cv-08689-HSG, 2021 U.S. Dist. LEXIS 189091, at *3 (N.D. Cal. Sep. 30, 2021).

Judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion

---

[5] Unless otherwise indicated, all internal citations omitted and all emphasis added.

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS
*Tirado v. Victoria's Secret Stores, LLC, et al.*

for summary judgment. *Id.*; *see also* Fed. R. Civ. P. 12(d).[6] A motion for judgment on the pleadings pursuant to Rule 12(c) must be denied "unless it appears to a certainty that no relief under any state of facts in support of his claim. *Mostowy*, 966 F.2d at 672.

Ordinarily, res judicata is an affirmative defense that may not be raised by a motion for judgment on the pleadings. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). However, the Court may consider the affirmative defense of res judicata in an FRCP 12(c) motion but only if that affirmative defense raises no disputed issues of fact. *Id. See also Harbor Breeze Corp.*, 2018 U.S. Dist. LEXIS 238482, at *9 ("Entry of judgment on the pleadings on the basis of res judicata is only appropriate where the nonmoving party raises no disputed issues of fact.").

## IV.    ARGUMENT

In its Motion, Defendant seeks partial judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that Plaintiff's class claims are barred by the doctrines of res judicata and release due to the *Ochoa* Settlement. As discussed below, Defendant's arguments are procedural and substantively flawed. Fed. R. Civ. P. 12(c) does not authorize partial judgments. In addition, the *Ochoa* Settlement does not preclude the class claims in this Action. The class claims in this Action are outside the scope of the *Ochoa* Settlement, and have not and could not, as a matter of law, have been brought (much less released) by the *Ochoa* plaintiffs. Consequently, the Court should deny Defendant's Motion, and allow Plaintiff's class claims to proceed.

### A.    Fed. R. Civ. P. 12(c) Does Not Authorize Partial Judgments

As a threshold matter, "Rule 12(c) does not expressly authorize 'partial judgments.'" *Swasey v. Seterus, Inc.*, No. 2:16-cv-01633-TLN-EFB, 2021 U.S. Dist. LEXIS 185975, at *4 (E.D. Cal. Sep. 28, 2021). Courts in the Ninth Circuit have

---

[6] However, the Court may take judicial notice as appropriate, such as court filings and other matters of public record. *See Harbor Breeze Corp. v. Newport Landing Sportfishing*, No. SACV 17-01613-CJC(DFMx), 2018 U.S. Dist. LEXIS 238482, at *6 n.2 (C.D. Cal. Feb. 14, 2018).

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS
*Tirado v. Victoria's Secret Stores, LLC, et al.*

entertained partial motions for judgment on the pleadings if they would dispose of individual causes of action or affirmative defenses. *Id.*[7]

"However, courts have ***not*** entertained motions for partial judgment on the pleadings for only part of an individual claim or defense or 'with respect to ***less than a full cause of action***.'" *Id. Accord Torres v. Carescope, LLC*, No. 2:15-cv-00198-TLN-CKD, 2020 U.S. Dist. LEXIS 221749, at *4 (E.D. Cal. Nov. 24, 2020). *See also Living on the Edge, LLC v. Lee*, No. CV-14-5982-MWF (JEMx), 2015 U.S. Dist. LEXIS 192532, at *13 (C.D. Cal. Aug. 25, 2015) ("the Court denies this Motion in part on the ground that Defendants cannot move for judgment on the pleadings with respect to less than a full cause of action"); *Erhart v. BofI Holding, Inc.*, 387 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) ("Courts have entertained partial motions for judgment on the pleadings when the motion resolves at least an entire cause of action or an affirmative defense"; "Many courts, however, have refused to entertain motions for judgment on the pleadings that seek to dispose of only a part of an individual claim or defense."); *Huerta v. CSI Elec. Contractors, Inc.*, No. 18-cv-06761-BLF, 2021 U.S. Dist. LEXIS 35678, at *5 (N.D. Cal. Feb. 25, 2021) ("This conclusion is bolstered by the fact that courts in this district have declined to grant motions for judgment on the pleadings where, as here, the resulting order would fail to dispose of an entire cause of action."). *See also Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) (cited by Defendant) (agreeing that Rule 12(c) "does not expressly provide for partial judgment on the pleadings" but courts "have the discretion in appropriate cases" to apply Rule 12(c) against an entire cause of action).[8]

---

[7] "Thus, '[c]ourts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment.'" *Id.*

[8] The cases cited by Defendant support Plaintiff's position. All of the cases cited by Defendant for the proposition that courts grant motions for judgment on the pleadings on the basis of res judicata are cases where the district court dismissed the entire case, and not where class claims were partially dismissed. *See Baiul v. NBC Sports*, 732 F. App'x 529, 532 (9th Cir. 2018) (unpublished) (the district court dismissed the entire action based on res judicata; the action did not involve any class claims); *Arzaga v.*

7

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS
*Tirado v. Victoria's Secret Stores, LLC, et al.*

Here, Defendant's Motion improperly requests the Court to entertain a partial motion for judgment on the pleadings that does not dispose of this Action or an entire cause of action. Plaintiff brings all of her claims on behalf of herself individually as well as on behalf of the Class. *See e.g.*, ¶1. Defendant only targets the class allegations, so granting this Motion would leave Plaintiff's individual claims intact. *See also* Def's Mem. (Dkt No. 45), at p. 4 (acknowledging that "Plaintiff submitted a valid request for exclusion from the [*Ochoa*] Released Claims").[9] Defendant's Motion that seeks partial judgment is procedurally improper, and should be denied on that basis.

## B. The Doctrine of Release Does Not Bar Plaintiff's Class Claims

Under California and Ninth Circuit law, "'[a] settlement agreement may preclude a party from bringing a related claim in the future . . . only where the released claim is '**based on the identical factual predicate** as that underlying the claims in the settled class action.'" *Stonehocker v. Kindred Healthcare Operating, LLC*, No. 19-cv-02494-YGR, 2019 U.S. Dist. LEXIS 160920, at *17-*18 (N.D. Cal. Sep. 19, 2019). "'[S]uperficial similarit[ies]' between the actions are insufficient to justify release." *Id*. at *18. "Rather, the Court's inquiry must focus on whether the claims in each action depend on the same set of facts." *Id*. "In analyzing a release, courts also consider whether the named plaintiff in the prior action was an adequate representative for the claims asserted by the plaintiff in the subsequent action." *Id. See also Arteaga v. UPS Inc.*, No. 2:21-cv-06011-VAP-ASx, 2023 U.S. Dist. LEXIS 52652, at *14-15 (C.D. Cal.

*Santiago*, No. 2:18-cv-0313 KJM KJN P, 2022 U.S. Dist. LEXIS 78052, at *10 (E.D. Cal. Apr. 27, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 170671 (E.D. Cal. Sep. 20, 2022) (same); *Weston v. CDCR*, No. 1:20-cv-00326-JLT-GSA-PC, 2022 U.S. Dist. LEXIS 193235, at *30 (E.D. Cal. Oct. 23, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 211058, at *2 (E.D. Cal. Nov. 21, 2022) (same). In addition, *Mays v. Wal-Mart Stores, Inc.*, cited by Defendant, agrees that Rule 12(c) "does not expressly provide for partial judgment on the pleadings" but courts "have the discretion in appropriate cases" (not here) to apply Rule 12(c) against an entire cause of action. *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019).

[9] "Def's Mem." refers to the Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion (Dkt. No. 45), filed April 10, 2024 in this Action.

Jan. 17, 2023) ("The Ninth Circuit has held that '[a] settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the class action,' but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'…California courts have held similarly.") (citing and quoting *Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521, 537 (2021) ("[A] court cannot release claims that are outside the scope of the allegations of the complaint.").

Here, the Covid-19 class claims in the Action and the off-the-clock claims in *Ochoa* are clearly based on a different factual predicate. The factual predicate of Plaintiff's claims first arose in or around March 4, 2020, at the start of the COVID-19 pandemic, ***after*** Ochoa had already ended her employment relationship with Defendant and filed her initial complaint. Unsurprisingly, Ochoa in her action made no mention of COVID-19 related temperature and health checks at all. *See* Section II.A, above.

For this same reason, the *Ochoa* plaintiff cannot be an adequate representative for the Covid-19 claims in this Action. The *Ochoa* plaintiff is not a member of Plaintiff's putative Class and even more, did not suffer and could not have suffered any injury pertaining to Defendant's temperature check policy that was first implemented in 2020. The *Ochoa* plaintiff ended her employment with Defendant on **February 2, 2016**, almost **four years before** Defendant implemented its temperature check procedure in response to the COVID-19 pandemic. Accordingly, Ochoa lacks standing to seek redress for the alleged harms in the instant action, let alone settle and release the Plaintiff's claims. *See De La Cueva v. Alta Dena Certified Dairy, LLC*, No. CV 12-1804-GHK (CWx), 2013 U.S. Dist. LEXIS 198734, at *4-5 (C.D. Cal. May 9, 2013) ("'If a court finds that standing is lacking, then adequacy will be as well, for a plaintiff cannot be an adequate representative for claims she does not have standing to pursue'").

The *Ochoa* court in fact, refused to preliminary approve the *Ochoa* settlement until the release of class claims was revised to limit itself to just claims that "were asserted in the operative Second Amended Complaint . . .or could have been asserted .

. . because they reasonably arise out of the **same set of operative facts** as alleged" in the operative complaint. (Amended Settlement Agreement, § 23.a.)." *See* RJN, Exhibit B (Ochoa Plaintiffs' Supplemental Briefing), p. 2.

Accordingly, the Class claims in this Action are clearly excluded from the release in the *Ochoa* settlement.

### C.  The Doctrine of Res Judicata Does Not Bar Plaintiff's Class Claims

#### 1.  Defendant Bears the Burden of Establishing All Elements of Res Judicata

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Le Parc Cmty. Assn. v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161, 1169 (2003).[10] The doctrine "rests upon the sound policy of limiting litigation by preventing a party who has had one fair adversary hearing on an issue from again drawing it into controversy and subjecting the other party to further expense in its reexamination." *In re Crow,* 4 Cal. 3d 613, 622-23 (1971).

A prior judgment is not res judicata unless three elements are satisfied: (1) the claim raised in the present action must be "identical to a claim" that was "litigated in a prior proceeding"; (2) the prior proceeding must have "resulted in a final judgment on the merits" and (3) the party against whom the doctrine is being asserted must have been "a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

The party asserting a claim preclusion defense (*i.e.*, Defendant) "must carry the burden of establishing all necessary elements." *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Moreover, "[e]ven if these threshold requirements are established, res judicata will not be applied 'if injustice would result or if the public interest requires that relitigation not be foreclosed.'" *Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*,

---

[10] "Federal courts must look to state preclusion law when determining the claim-preclusive effect of a state judgment on a federal suit." *Mitchell v. Gonzales*, No. 1:23-cv-00062-SAB (PC), 2023 U.S. Dist. LEXIS 204685, at *6 (E.D. Cal. Nov. 15, 2023).

168 Cal. App. 4th 675, 686 (2008). *See also Stonehocker*, 2019 U.S. Dist. LEXIS 160920, at *11 (recognizing same).

Here, Defendant has not met its burden to establish the first element (identical causes of action) and cannot establish the third element (privity). In addition, clear injustice would result if Plaintiff is barred from pursuing claims that were not ever brought, investigated, or released by the *Ochoa* plaintiff.

### 2. Defendant Has Failed to Establish the First Element (Identical Causes of Action)

As the California Supreme Court explained: "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the 'primary rights' theory.'" *Boeken*, 48 Cal. 4th at 797. "Under this theory, '[a] cause of action … arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Id*. at 797-98.

Although "cause of action" in California is often used to mean pleading "counts," "for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id*. at 798. "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff **based on the same injury to the same right**, even though he presents a different legal ground for relief." *Id*.

"Thus, under the primary rights theory, the determinative factor is the harm suffered." *Id*. "A plaintiff's primary right is 'the **right to be free from a particular injury**, regardless of the legal theory on which liability for the injury is based." *Adam Bros. Farming, Inc. v. Cty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010). "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Boeken*, 48 Cal. 4th at 798.

When comparing the causes of action for Labor Code claims, the Court must evaluate the specific, factual allegations. *Stonehocker*, 2019 U.S. Dist. LEXIS 160920, at *12 ("the Court must compare the complaints in the two actions, focusing on 'the facts pleaded and the injuries alleged"); *Adam Bros. Farming*, 604 F.3d at 1149 ("We therefore focus our inquiry on the facts pleaded and injuries alleged.").

Contrary to Defendant's assertion, two Labor Code actions do ***not*** have the same cause of action for res judicata purposes simply because they both allege that the employer failed to pay wages.[11] The Court must evaluate what "particular" type of injury is alleged. *Arteaga*, 2023 U.S. Dist. LEXIS 52652, at *12. An allegation that a defendant failed to pay wages for off-the-clock work (like in *Ochoa*) versus an allegation that a defendant failed to pay wages for time spent going through off-the-clock checks (like in this case) involve different particular injuries, and therefore implicate ***different primary rights***. *Id*. at *12-*13.

In *Arteaga*, for example, the plaintiff filed a wage and hour class action, alleging that the defendant failed to pay wages for off-the-clock work. *Arteaga v. UPS Inc*., No. 2:21-cv-06011-VAP-ASx, 2023 U.S. Dist. LEXIS 52652, at *7 (C.D. Cal. Jan. 17, 2023). The defendant sought to bar the plaintiff's action under the res judicata doctrine, pointing to a previously settled wage and hour class action based on allegations that Defendant did not pay wages for off-the-clock security screenings. *Id*. at *8. The *Arteaga* court, examining the allegations of the two actions, rejected the argument (like the one Defendant raises here) that the two actions involved the same primary rights because they both alleged lost wages based on off-the-clock work. *Id*. at *13. The court held:

> The claims also involve a different primary right. A primary right is tied to a "particular injury suffered" …Although Plaintiff suffered the same type of injury as those alleged in [the previous settlement], *i.e.*, lost wages, **Plaintiff ultimately suffered a different injury**, *i.e.*, lost wages due to

---

[11] Almost all wage and hour lawsuits claim that the employer didn't pay wages. If this claim alone made two lawsuits identical for res judicata purposes, an employer could settle a minor claim, low-value claim, and then get all other claims in all other wage and hour suits against it automatically dismissed by invoking the res judicata doctrine.

uncompensated hours worked rather than lost wages due to unpaid time spent going through security. The [previous settlement], therefore, has no claim preclusive effect.

*Id*. at *13.

Here, like in *Arteaga*, Plaintiff's class claims are based on alleged lost wages due to unpaid time going through Covid-19 checks while the *Ochoa* class claims were based on alleged lost wages due to uncompensated hours of pre-shift work. *See* Section II.A and II.B, above. Accordingly, like in *Arteaga*, the Court should find that these distinct factual allegations implicate "a different primary right." *Arteaga*, 2023 U.S. Dist. LEXIS 52652, at *13.

As this Court previously observed:

Although both Ochoa's injuries and Tirado's injuries generally arise from unpaid wages for work performed off-the-clock, they may not share substantial similarity in the underlying employment practice and policies that created those claims. Accordingly, distinct legal questions may exist about whether the different policies each violate the California Labor Code. *See Woodard v. Labrada*, 2021 WL 4499184, at *32 (C.D. Cal. Aug. 31, 2021) ("Differences in applicable law among putative class members can impede the generation of common answers." (internal quotations and alterations omitted)). Indeed, Victoria Secret maintains that Tirado's claims lack merit because "it is an open question as to whether government-mandated screenings would even be compensable." (Doc. 34 at 3 n.1.) Thus, Tirado's temperature screening claims likely could not have been raised in the Ochoa complaint, demonstrating that the **two cases assert different causes of action under the primary right theory**.

*See* Order Denying Defendant's Motion to Dismiss (Dkt. No. 35), at p. 15 (emphasis added).

In its Motion, Defendant fails to refute the above. Defendant acknowledges that this Action involves alleged harm flowing from Defendant requiring "Covid temperature screenings" while *Ochoa* distinctly involved harm flowing from "pre-shift work activity." Def's Mem. at 11. However, Defendant argues that these harms still are the same because they broadly involve "pre-shift off-the-clock activity." *Id*. Defendant's arguments miss the mark.

First, numerous district courts in the Ninth Circuit (in addition to *Arteaga* discussed above) rejected similar attempts to treat facially similar Labor Code

violations as involving the same causes of action, without regard to the plaintiff's actual factual allegations:

*Stonehocker*. The plaintiff filed a wage and hour class action, alleging that the defendant maintained productivity standards that resulted in class members performing "unpaid and undocumented overtime work." *Stonehocker*, 2019 U.S. Dist. LEXIS 160920, at *2. The defendant sought to bar the plaintiff's Labor Code claims under the res judicata doctrine, pointing to a previously settled wage and hour class action that released, among other things "all claims of any and every nature based on off-the-clock work, minimum wage, overtime..." *Stonehocker*, 2019 U.S. Dist. LEXIS 160920, at *7. The defendant (just like Defendant here) argued that the current case and the settled case both arose "from the same primary right of class members' right [to be] "pa[id] all wages owed for total hours worked, including overtime compensation." *Id*. at *12.

The *Stonehocker* court explicitly acknowledged that both cases "allege[d] that defendant failed to pay due wages to members of the class." *Id*. at *12. However, that was insufficient to find that the cases involved the same primary rights; the district court found that the complaints "diverge[d], however, on other critical allegations," demonstrating that different harms were being alleged by the respective actions. *Id*. at *13. The district court found that different harms were involved because in the one case, the plaintiff's alleged injury flowed from employees not getting paid wages for work in a home and hospice setting, while in the other, the plaintiff's alleged injury flowed from defendant specifically implementing productivity standards that resulted in employees performing unpaid overtime work in nursing facilities. *Id*. at *15.

*Prieto*. The plaintiff filed a wage and hour class action, alleging that the defendant had a policy of classifying certain employees as exempt, which resulted in defendant failing to pay for meal and rest periods and overtime. *Prieto v. United States Bank Nat'l Ass'n*, No. CIV S-09-901 KJM EFB, 2012 U.S. Dist. LEXIS

141891, at *26 (E.D. Cal. Sep. 30, 2012). The defendant sought to bar the action under the res judicata doctrine based on a previous settlement of a wage and hour class action, where the plaintiff alleged that employees were deprived of meal and rest periods and were not paid for off-the-clock work. *Id.*

The district court acknowledged that there was "much overlap in the two actions, starting with the similarity of the facts and the Labor Code violations presented through the requests for payment of lost wages." *Id.* Still, the district court held that the two actions involved different primary rights, because in one case, the harm flowed directly "from defendant's refusal to pay hourly employees' wages due under the provisions of the Labor Code" while in the other, the harm flowed from the "the misclassification, which led to the alleged failure to pay." *Id.* The district court concluded: "Because the actions involve different primary rights, res judicata does not bar the instant suit." *Id.*

*Mata*. In conducting its analysis under the California res judicata elements, the district court acknowledged that the two actions at issue both involved final pay claims under the same statute (§203). *Mata v. Manpower Inc.*, No. 14-CV-03787-LHK, 2016 U.S. Dist. LEXIS 11761, at *22 (N.D. Cal. Jan. 31, 2016). Still, the district court determined the two actions did not involve the same causes of action for the purposes of the res judicata doctrine, where one final pay claim was "based on untimely receipt of paychecks" and the other "based on a complete failure to pay." *Id.* at *22-*23.

*Lao*. In conducting its res judicata analysis under the California primary rights theory, the district court acknowledged that the two actions at issue both were based on alleged violations of the same Labor Code provision. *Lao v. H&M Hennes & Mauritz, L.P.*, No. 5:16-cv-00333-EJD, 2017 U.S. Dist. LEXIS 177135, at *13 (N.D. Cal. Oct. 25, 2017). Still, the district court determined the two actions did not involve the same causes of action for the purposes of the res judicata doctrine, where

| | |
|---|---|
| 1 | one wages claim was based on non-compliant meal and rest breaks, and the other, |
| 2 | based on security checks and incorrect regular rate of pay. *Id*. at *14. |

3    Second, Defendant's cited cases do not support its position that Plaintiff's claims

4 involve the same primary right as *Ochoa*. Of the Labor Code cases cited by Defendants:

5    •    *Shine*, *Jones*, and *Dmuchoswky* are inapposite. *See Shine v.*

6        *Williams-Sonoma, Inc*., 23 Cal. App. 5th 1070, 233 Cal. Rptr. 3d

7        676 (Ct. App. 2018) (involving analysis under collateral estoppel,

8        not claim preclusion); *Jones v. San Diego Metro. Transit Sys*., No.

9        14-CV-1778-LAB-KSC, 2016 U.S. Dist. LEXIS 96109, at *7 (S.D.

10        Cal. July 22, 2016) (finding same cause of action where, unlike here,

11        both claims were based on unpaid off-the-clock work, and the suits

12        arose out of the ***same*** transactional nucleus of facts); *Dmuchowsky*

13        *v. Sky Chefs, Inc.,* No. 17-cv-05521-JCS, 2018 U.S. Dist. LEXIS

14        192361, at *17 (N.D. Cal. Nov. 9, 2018) (finding same cause of

15        action where both claims were based on the same final pay statute

16        and based on the same factual allegation that the employer failed to

17        timely provide final pay);

18    •    *Johnson* was vacated. The district court subsequently reconsidered

19        its previous order and found that under the primary rights analysis,

20        the claims in the subject action involved the "right to full wages

21        under the law, the right to be reimbursed for necessary business

22        expenses, and the right to uninterrupted 30-minute meal breaks"

23        which were separate and distinct from the claims in the settled

24        action, which involved the right to rest breaks and related harms.

25        *Johnson v. Winco Foods, LLC*, No. ED CV 17-2288-DOC (SHKx),

26        2019 U.S. Dist. LEXIS 204272, at *24 (C.D. Cal. Sep. 18, 2019).

27    •    *Magana* supports Plaintiff's position. There, the Ninth Circuit Court

28        refused to characterize the plaintiff's adequate seating claim as a

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

*Tirado v. Victoria's Secret Stores, LLC, et al.*

"broader right to a minimum guaranteed standard of labor" (covered by the previous settled claim), observing: "But if we conceptualize the relevant primary rights too broadly, we risk barring claims that really have nothing to do with prior actions and deserve to be litigated on their own." *Magana v. Zara USA, Inc.*, 856 F. App'x 83, 86 (9th Cir. 2021) (unpublished).

Third, Defendant's claim that Covid-19 checks and off-the-clock work represents the same harm during the "same physical time period" (15 minutes before clocking in) is flawed. Covid-19 checks and off-the-clock work are separate actions that cannot be done simultaneously. A class member can be affected by both, but not at the same time. Therefore, they represent different harms, and compensation for one does not cover the other.

In short, Defendant has fallen far short of its burden to show that Plaintiff's class claims based on Covid-19 checks are based on the same harm alleged in *Ochoa* (failure to pay for pre-shift work). As Defendant has failed to establish the first element for res judicata, its Motion must be denied.

### 3.    Defendant Cannot Establish the Third Element (Privity)

Privity for the purposes of res judicata is a "legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents **precisely the same right** in respect to the subject matter involved.'" *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008). "A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). However, "'in certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit.'" *Id*. at 884. *See also Jones v. San Diego Metro. Transit Sys.*, No. 14-CV-1778-LAB-KSC, 2016 U.S. Dist. LEXIS 96109, at *8 (S.D. Cal. July 22, 2016) (cited by Defendant) ("Privity exists when there is a 'substantial identity' between parties, meaning there is

sufficient commonality of interest."). "As applied to questions of preclusion, privity requires the **sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit**, and circumstances such that the nonparty 'should reasonably have expected to be bound' by the first suit." *LaCour v. Marshalls of Cal., LLC*, 94 Cal. App. 5th 1172, 1192 (2023).

Here, there is no privity between Plaintiff and the *Ochoa* plaintiff. The *Ochoa* plaintiff did not pursue Plaintiff's Covid-19 claims (nor could she because she had no standing to pursue such claims). The *Ochoa* plaintiff did not investigate those claims. Therefore, Plaintiff was not adequately represented by a plaintiff with the same interests in Ochoa. *See Bhatia*, 545 F.3d at 760 (finding no privity where, among other things, the prior party pursued a different litigation objective than the nonparty). As Defendant cannot establish the third element for res judicata, on this additional or alternative basis, its Motion must be denied.[12]

### 4.    Injustice Would Result if Plaintiff's Class Claims Were Barred

"In addition to these three [res judicata] elements, "[t]he Supreme Court has held that . . . claim . . . preclusion can[not] be applied by a federal court if there was not a full and fair opportunity to litigate in the state proceeding." *Kearney v. Foley & Lardner LLP*, No. 05-CV-2112-AJB-JLB, 2016 U.S. Dist. LEXIS 133807, at *15 (S.D. Cal. Sep. 28, 2016). "Even if the requirements are established, however, claim preclusion 'will not be applied if injustice would result or if the public interest requires that relitigation not be foreclosed.'" *Stonehocker*, 2019 U.S. Dist. LEXIS 160920, at *11.

Here, it would be unjust to bar Plaintiff and the Class from pursuing the class claims in this Action when they were never pursued, investigated, and/or released in the

---

[12] In its Motion, Defendant argues that the putative Class members in this Action were also class members in *Ochoa*. Defendant misses the point. Employees may be class members in more than one litigation. However, where certain of their interests are not pursued or represented by a particular class representative, for those specific interests, the employees were not adequately represented and are not in privity with the representative for the purposes of res judicata.

Ochoa settlement. As noted above, Ochoa's investigation was specifically **limited to pre-Covid data** in her assessment and agreement to enter into the settlement. *See* Section II.D above. Accordingly, the Ochoa settlement clearly did not place any value and did not include any value for the Class claims in this Action. Unless Plaintiff is permitted to pursue these claims on behalf of the Class, the Class is likely to be unable to ever obtain relief for these claims with the additional hurdles presented by the statute of limitations.

### D. The Class Claims Here Continue After Ochoa's Release Period

Even if the Court were to find that the Ochoa settlement has released the class claims in this Action, the Ochoa release period runs from January 3, 2013 to May 26, 2021. Accordingly, there are still viable Class claims that persist in this Action.

Defendant in its Motion argues that Plaintiff lacks standing for post-May 26, 2021 claims because she was not employed during that period. If so, she should be permitted an opportunity to find a substitute class representative. *CVS Pharmacy, Inc. v. Superior Court*, 241 Cal. App. 4th 300, 307 (2015) ("However, if the court determines the class representative lacks standing to represent the class, leave to amend the complaint to redefine the class or to add a new individual plaintiff, or both, is often granted."); *In re STEC Inc.*, No. SACV 09-01304-JVS (MLGx), 2012 U.S. Dist. LEXIS 186180, at *40 (C.D. Cal. Mar. 7, 2012) (granting discovery "to permit Plaintiffs' counsel to make a motion to amend the Second Amended Complaint adding a new class representative who has standing"). *See also Kelly Moore Paint Co. v. Nat'l Union Fire Ins. Co.*, No. 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 69948, at *7-8 (N.D. Cal. May 21, 2014) ("As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile.").

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion.

DATED: May 15, 2024         SCHNEIDER WALLACE
COTTROLL KONECKY LLP


_/s/_____
Carolyn H. Cottrell
Esther L. Bylsma
Philippe M.J. Gaudard
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*