Phillip J. Eskenazi (State Bar No. 158976)
peskenazi@bakerlaw.com
Kerri H. Sakaue (State Bar No. 301043)
ksakaue@bakerlaw.com
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendants
VICTORIA'S SECRET STORES, LLC;
BATH & BODY WORKS, INC.
(formerly known as L BRANDS, INC.)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE TIRADO, on behalf of herself and the Class members,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA'S SECRET STORES, LLC; L BRANDS, INC.;<br><br>Defendants. | Case No. 1:21-CV-00636−JLT−SKO<br><br>**REPLY MEMORANDUM OF DEFENDANTS VICTORIA'S SECRET STORES, LLC AND L BRANDS, INC. IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S PUTATIVE CLASS CLAIMS [Fed. R. Civ. P. 12(c)]**<br><br>Date:       *See* Dkt. #50<br>Time:       *See* Dkt. #50<br>Courtroom.:  4, 7th Floor |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I. INTRODUCTION ........................................................................................................ 1

II. PLAINTIFF'S PUTATIVE CLASS CLAIMS ARE PROPERLY SUBJECT TO DISMISSAL UNDER RULE 12(c) ............................................................................... 1

III. PLAINTIFF CANNOT WITHSTAND A PROPER *RES JUDICATA* ANALYSIS .......... 2

    A. Plaintiff Seeks to Vindicate Primary Rights That Were Resolved in *Ochoa* .......... 2

    B. The Instant Putative Class Members Were Parties in *Ochoa* ................................. 6

IV. PLAINTIFF'S PUTATIVE CLASS CLAIMS ARE ALSO BARRED BY THE DOCTRINE OF RELEASE ........................................................................................... 7

V. PLAINTIFF LACKS STANDING TO PURSUE CLASS CLAIMS FOR THE POST-*OCHOA* RELEASE PERIOD (POST-MAY 26, 2021) ...................................................... 8

VI. CONCLUSION ............................................................................................................. 9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adams v. Wells Fargo Bank, N.A.*,
   2015 WL 1434599 (N.D. Cal. Mar. 30, 2015) ............................................................................... 6

*Allen v. Raley's*,
   2013 WL 1339062 (E.D. Cal. Apr. 3, 2013) ................................................................................. 2

*Arteaga v. UPS Inc.*,
   2023 U.S. Dist. LEXIS 52652 (C.D. Cal. Jan. 17, 2023) ......................................................... 4, 5

*ASARCO, LLC v. Union Pacific Railroad Co.*,
   765 F.3d 999 (9th Cir. 2014) ........................................................................................................ 2

*De La Cueva v. Alta Dena Certified Dairy, LLC*,
   2013 WL 12129947 (C.D. Cal. May 9, 2013) .............................................................................. 8

*Epstein v. MCA, Inc.*,
   179 F.3d 641 (9th Cir. 1999) ........................................................................................................ 6

*Lao v. H&M Hennes & Mauritz, L.P.*,
   2017 WL 4808814 (N.D. Cal. Oct. 25, 2017) .............................................................................. 6

*M.S. v. Cnty. of Ventura*,
   2017 WL 10434015 (C.D. Cal. Mar. 7, 2017) .............................................................................. 2

*Mata v. Manpower Inc.*,
   2016 WL 368113 (N.D. Cal. Jan. 31, 2016) ................................................................................. 5

*Prieto v. U.S. Bank Nat'l Ass'n*,
   2012 WL 4510933 (E.D. Cal. Sept. 30, 2012) ............................................................................. 5

*Ramirez v. Ghilotti Bros. Inc.*,
   941 F.Supp.2d 1197 (N.D. Cal. 2013) ......................................................................................... 2

*Rangel v. PLS Check Cashers of Cal., Inc.*,
   2016 WL 6821788 (C.D. Cal. Nov. 16, 2016) ......................................................................... 6, 8

*Rodriguez v. Wal-Mart Assocs., Inc.*,
   2021 WL 3285189 (C.D. Cal. Mar. 3, 2021) ............................................................................... 2

*TBK Partners, Ltd. v. Western Union Corp.*,
   675 F.2d 456 (2d Cir. 1982) ......................................................................................................... 8

*Velazquez v. GMAC Mortg. Corp.*,
   2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ............................................................................. 8

*Zamora v. Penske Truck Leasing Co., L.P.*,
  2021 WL 809403 (C.D. Cal. Mar. 3, 2021) ..................................................................................2

**California Cases**

*Boeken v. Philip Morris USA, Inc.*,
  48 Cal.4th 788 (2010)..................................................................................................................3

*Consumer Advocacy Grp., Inc. v. Exxon Mobil Corp.*,
  168 Cal.App.4th 675 (2008).......................................................................................................7

*Deleon v. Verizon Wireless*,
  170 Cal.App.4th 519 (2008).......................................................................................................6

*Rynsburger v. Dairymen's Fertilizer Co-op., Inc.*,
  266 Cal.App.2d 269 (1968).......................................................................................................6

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1, 2

Fed. R. Civ. P. 12(c)..................................................................................................................... 1, 2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff's Opposition makes clear that she is barred from pursuing class claims in this action. As former Alameda County Superior Court judge Tara Desautels aptly stated on the key issue before the Court: "Plaintiff's five minutes of pre-shift Covid-19 screening is **subsumed** within *Ochoa*'s fifteen-minute pre-shift period. These claims involve the **same primary rights** and though certain facts may be different, the **harm suffered is the same**."[1] Defs. RJN, Exh. A at p. 4 (emph. added).

In her Opposition, Plaintiff does not overcome this inescapable conclusion, nor can she. As an initial matter, she does not even address two of the three primary rights that she seeks to vindicate in this lawsuit and that are the subject of Defendants' motion with regard to the defense of *res judicata* (the right to receive accurate wage statements and the right to timely receive the payment of all wages owing – both of which were resolved in *Ochoa* for the same proposed class; thus, barring her causes of action for alleged inaccurate wage statements and the alleged failure to timely pay at termination, respectively). Instead, Plaintiff argues that Defendants' motion is procedurally defective, she distorts the proper *res judicata* analysis and focuses on her unique legal *theory* for alleged pre-shift off-the-clock (as opposed to the primary right), which the California Supreme Court has expressly rejected, and she misapplies the proper analysis for the defense of release, which separately bars her putative class claims. As demonstrated below and in Defendants' moving papers, Plaintiff's putative class claims should be dismissed.

**II.   PLAINTIFF'S PUTATIVE CLASS CLAIMS ARE PROPERLY SUBJECT TO DISMISSAL UNDER RULE 12(c)**

As the motions are "functionally identical," federal courts, in considering motions under Rule 12(c) that are based on an asserted failure to state a claim, apply the same analysis as that applicable to motions to dismiss under Rule 12(b)(6), which rule provides that a dismissal may be

---

[1] On May 14, 2024, Judge Desautels was unanimously confirmed as an Associate Justice to the First District Court of Appeal, Division Two.

based on, *inter alia*, an **affirmative defense**, where "the defendant shows some obvious bar to securing relief on the face of the complaint," *see ASARCO, LLC v. Union Pacific Railroad Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Here, Plaintiff's putative class claims as a whole are properly subject to dismissal under Rule 12(c) because they are precluded based on the separate affirmative defenses of *res judicata* and release.[2] ***None*** of the cases cited by Plaintiff involved attempts to dismiss entire putative class claims, or otherwise suggest dismissal of such claims under Rule 12(c) is improper. *See* Opp. at 6:22-7:18. Plaintiff further acknowledges that courts in the "Ninth Circuit have entertained partial motions for judgment on the pleadings."[3] Opp. at 6:24-7:2; *see also* Mot. at 8 n.2. Plaintiff's authorities, moreover, seem to acknowledge that the Court at a minimum has discretion in deciding whether to entertain Defendants' 12(c) motion. *Id.* The Court can and should do so here where the class claims are barred as a matter of law.

## III. PLAINTIFF CANNOT WITHSTAND A PROPER *RES JUDICATA* ANALYSIS

Plaintiff does not dispute the first element of *res judicata* – that the *Ochoa* judgment is a final decision on the merits. Although Plaintiff tries to dispute the other two elements, she fails.

### A. Plaintiff Seeks to Vindicate Primary Rights That Were Resolved in *Ochoa*

Plaintiff does not even address, much less dispute, that her two causes of action for alleged inaccurate wage statements and the failure to timely pay all wages at termination, respectively, seek to redress the identical harm, and hence vindicate the same primary rights, as those resolved in *Ochoa*. *Compare* Mot. at 12:21-13:23 *with* Opp. *generally*. Plaintiff thus, concedes the issue.[4] Nor could Plaintiff dispute that such claims involve the identical primary rights. Mot. at 12-13.

As to Plaintiff's remaining cause of action for alleged pre-shift off-the-clock work and

---

[2] *See also*, *Zamora v. Penske Truck Leasing Co., L.P.*, 2021 WL 809403, at *2-3 (C.D. Cal. Mar. 3, 2021) (granting Rule 12(b)(6) motion to dismiss class allegations); *Rodriguez v. Wal-Mart Assocs., Inc.*, 2021 WL 3285189, at *3 (C.D. Cal. Mar. 3, 2021) (same).

[3] *See also e.g., Allen v. Raley's*, 2013 WL 1339062, at *4-*5 (E.D. Cal. Apr. 3, 2013) (Mendez, J.) (applying *res judicata* and granting, in part, defendant's partial motion for judgment on the pleadings and finding plaintiff was barred from bringing claims based on acts or omissions occurring before judgment entered in prior action).

[4] *See, e.g., M.S. v. Cnty. of Ventura*, 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument."); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (failure to oppose an argument is concession of the issue).

corresponding primary right, Plaintiff simply argues that her pre-shift off-the clock claim predicated on Covid temperature checks could not have been resolved in *Ochoa* because the *Ochoa* SAC does not reference the words "Covid-19" or "temperature and health checks." *See* Opp. at 9:12-13. Plaintiff cites to this Court's prior observation adjudicating Defendants' motion to dismiss pursuant to, *inter alia*, the *Colorado River* doctrine—which applies "only in 'rare cases' and 'only the clearest of justifications will warrant dismissal.'" Dkt. #36 at p. 12. Under this standard, and in evaluating whether the eighth factor of the *Colorado* doctrine was met (*i.e.*, whether state court proceedings will resolve all issues before the court), the Court noted that "distinct legal questions may exist" and, thus, Plaintiff's "temperature screening claims likely could not have been raised in the *Ochoa* complaint." Dkt. #36 at p. 15. But as the California Supreme Court has expressly held, that is **not** the standard for *res judicata*, which is now before the Court. The issue is whether the claim involves the same primary right, not whether Plaintiff asserts a different theory. *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 798 (2010) ("For purposes of applying the doctrine of *res judicata*, … [t]he 'cause of action' is based upon the **harm suffered**, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to one claim for relief." (emph. added)).

Defendants do not contend that the same primary right is involved because both actions "allege that the employer failed to pay wages" as Plaintiff suggests. Opp. at 12:6-8. That mischaracterizes and grossly oversimplifies Defendants' position. Plaintiff cannot dispute that her pre-shift off-the-clock claim based on Covid temperature screenings is subsumed within the claim resolved in *Ochoa* and necessarily involves the same primary right. Instead, devoting a mere four lines to the crux of Defendants' motion – and burying it on page 17 – she asserts that by identifying a specific type of alleged off-the clock work within the last **5 minutes prior to the start of one's shift**, she somehow implicates a different primary right because "Covid-19 checks and [other forms of] off-the-clock work … cannot be done simultaneously." Opp. at 17:9-10. But that entirely misses the mark. Indeed, in deciding this very issue on Plaintiff's corresponding PAGA claims based on the same allegations, the court held:

> The *Ochoa* employees were required to come to work 15 minutes before the start of their shift and were not paid for the activities they were directed to engage in before the shift start. Here, Tirado was required to come to work 5 minutes before the start of her shift and was not paid for the activities she was directed to engage in before the shift start. Whether the unpaid activities involved folding clothes or engaging in a Covid-19 screening is of no moment. Both were required before the start of the shift, took 15 minutes or less, and were not compensated. ***The involved time period and the harm are the same … Plaintiff's five minutes of pre-shift Covid-19 screening is subsumed within Ochoa's fifteen-minute pre-shift period. These claims involve the same primary rights and though certain facts may be different, the harm suffered is the same.***

Defs. RJN, Exh. E at p. 3 (emph. added).

      Here, there is only one injury on behalf of the same putative class – the alleged failure to pay employees for the time spent performing alleged off-the clock work immediately preceding their shift. Whether or not that time was allegedly spent straightening up the store, checking inventory, or performing Covid temperature checks as Plaintiff alleges, it concerns the same time period and injury. It can only be redressed once, no matter how many theories could potentially be asserted. Moreover, Plaintiff acknowledges, as she must, that the *Ochoa* plaintiffs alleged that Defendants maintained a policy and/or practice whereby they required putative class members to "**work 15 minutes prior to the start of their shift without being paid for that time**." Opp. at 2:23-3:2 (emph. added). The alleged failure to pay for off-the-clock work performed during that finite time period involves a single injury that was indisputably resolved in the *Ochoa* settlement. Mot. at 11:19-12:20; Defs. RJN, Exhs. A & C; Plt.'s RJN, Exh. A.

      Tellingly, Plaintiff does not cite a single case to support her assertion that different *forms* of alleged **pre-shift** off-the-clock work (i.e., different tasks) involve different primary rights, much less that one could assert separate off-the-clock claims for the *same* time interval. Indeed, Plaintiff's reliance on *Arteaga v. UPS Inc.*, 2023 U.S. Dist. LEXIS 52652 (C.D. Cal. Jan. 17, 2023) is misplaced because that case involved unpaid wages for different unpaid work during *different time intervals* and hence a different injury. The plaintiff in *Arteaga* alleged he was consistently not compensated for work that he performed after the end of his scheduled shift, including for instances where managers altered his timecards to eliminate some of his recorded time (plaintiff also alleged that he was denied meal and rest breaks). *Id.* at *7-8. The defendant moved for summary judgment, arguing that the plaintiff's claims were barred by *res judicata* in light of a prior settlement alleging

unpaid security screenings for entering and exiting the employer's premises. The court denied the motion, finding that "[a]lthough Plaintiff suffered the same type of injury as those alleged in [the prior settlement], i.e., lost wages, Plaintiff ultimately suffered a different injury, i.e., lost wages due to uncompensated hours worked [at other times] rather than lost wages due to unpaid time spent going through security." *Id.* at *11. The *Arteaga* plaintiff's claims of uncompensated work (including based on timecard manipulation) were not subsumed within the claims for unpaid time going through security screenings, as Plaintiff's claims herein are subsumed within the claims resolved in *Ochoa*.

Plaintiff's other cited cases are similarly inapposite. *See* Opp. at 13:26-16:2.[5] For example, in *Stonehocker v. Kindred Healthcare Operating, LLC*, the court held different primary rights were involved where allegations arose "from work performed by different putative classes, in different settings, for different direct employers, using different pay structures." 2019 WL 4542466, at *5 (N.D. Cal. Sept. 19, 2019). To that end, while the prior settlement sought to redress, *inter alia*, defendant's failure to pay piece rate employees for rest and meal breaks and *nonproductive time* in the *home and hospice setting*, the *Stonehocker* plaintiff alleged defendant's productivity requirements resulted in the systematic failure to pay *overtime hours* when they performed work at *skilled nursing facilities*. Importantly, the settlement class definition further "exclude[d] the putative class in [*Stonehocker*], who worked in [a skilled nursing facility] setting rather than a home or hospice setting." *Id.* at *5.

In short, Plaintiff's putative class claims undeniably involve the same primary rights that

---

[5] In *Prieto v. U.S. Bank National Association*, 2012 WL 4510933 (E.D. Cal. Sept. 30, 2012) (Mueller, J.), the court held different primary rights were involved where the plaintiffs in the prior case were *hourly employees* and alleged they were not paid for missed and/or interrupted meal periods or for off-the-clock work while, in the pending action, the "harm flowed from defendant's alleged misclassification of plaintiff and could have occurred even if [defendant] honored all its obligations concerning meal and rest periods and off the clock work to hourly employees." *Id.* at *9. *See also, e.g., Mata v. Manpower Inc.*, 2016 WL 368113, at *7 (N.D. Cal. Jan. 31, 2016), *order amended and superseded by Mata v. Manpower Inc.*, 2016 WL 948997 (N.D. Cal. Mar. 14, 2016) (analyzing *res judicata* doctrine with no discussion or application of whether claims involved same primary right and finding causes of action were "substantively the same" based on defendant's representations); *Lao v. H&M Hennes & Mauritz, L.P.*, 2017 WL 4808814, at *4 (N.D. Cal. Oct. 25, 2017) (relying upon *Mata* and finding it need not "decide the scope of a primary right" that had been settled).

were resolved in *Ochoa*.[6]  The second element of *res judicata,* therefore, is met.

### B.  The Instant Putative Class Members Were Parties in *Ochoa*

Pursuant to the doctrine of *res judicata*,"[a] court-approved class action settlement bars new claims by members of the class that were released as part of that settlement." *Adams v. Wells Fargo Bank, N.A.*, 2015 WL 1434599, *2 (N.D. Cal. Mar. 30, 2015).  "Membership in a prior class action is sufficient to establish privity for the purposes of *res judicata*."[7]  *Rangel v. PLS Check Cashers of Cal., Inc.*, 2016 WL 6821788, *6 (C.D. Cal. Nov. 16, 2016) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 747 (9th Cir. 2006)).

Plaintiff does not dispute that she seeks to represent the identical class as the *Ochoa* Settlement Class – non-exempt VSS California employees.  *See* Dkt. #1 (Complaint), ¶ 31; Defs. RJN Exh. C (*Ochoa* Judgment), ¶¶ 1, 4.  Instead, she contends they can be "class members in more than one litigation" and concludes they are not in privity because their "specific interests" were not pursued by the *Ochoa* plaintiffs.  *See* Opp. at 18 n.12.  But that is not the standard, and is wrong in any event.  Plaintiff could have objected to the *Ochoa* settlement if she believed the consideration was inadequate or the claims being released were not adequately pursued – things the *Ochoa* trial judge expressly considered for settlement approval.[8]  Plaintiff elected to exclude herself from the *Ochoa* settlement per her right.  But the putative class members she now seeks to represent were parties in *Ochoa* who were compensated for alleged off-the-clock work immediately preceding their shifts and released such claims.  *See also*, *Rynsburger v. Dairymen's Fertilizer Co-op., Inc.*, 266 Cal.App.2d 269, 278 (1968) (the *res judicata* doctrine "should not be defeated by minor differences

---

[6] *See also*, *Deleon v. Verizon Wireless*, 170 Cal.App.4th 519, (2008), *review granted*, 208 P.3d 78 (2009) ("if two actions involve the same injury … and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.").

[7] Plaintiff argues that she is not in privity with the *Ochoa* plaintiffs (*see* Opp. at 18:6-8), but the issue is whether the putative class members she seeks to represent were parties to *Ochoa* (or in privity with them), which is undeniable.

[8] To the extent that Plaintiff seeks to challenge the adequacy of the *Ochoa* settlement, she should have sought relief before the *Ochoa* court. *Epstein v. MCA, Inc.*, 179 F.3d 641, 648 (9th Cir. 1999) ("[A]bsent class members' due process right to adequate representation is protected not by collateral review, but by the certifying court initially, and thereafter by appeal within the state system and by direct review in the United States Supreme Court.").

of form, parties, or allegations, when these are contrived only to obscure the real purpose—a second trial on the same cause between the same parties"). Accordingly, the final element of res judicata is satisfied.

Finally, Plaintiff argues that the Court should disregard controlling law or else there will be an "injustice", citing the "general principle that res judicata" will not be applied "if injustice would result or if the public interest requires that relitigation not be foreclosed," but she make no showing how and "fails to reference any authority to support [her] argument that either of the exceptions applies in this case." *Consumer Advocacy Grp., Inc. v. Exxon Mobil Corp.*, 168 Cal.App.4th 675, 694 (2008) (int. cit. omitted). Indeed, Plaintiff does not cite any case where a plaintiff was permitted to pursue class claims, where, as here, they are squarely barred by the doctrine of *res judicata*. As demonstrated, the *Ochoa* Settlement Class obtained relief for an alleged uniform practice of requiring off-the-clock work immediately prior to the start of one's shift (regardless of the precise activity performed during that time interval). Any further recovery for alleged off-the-clock work during that time period – regardless of the form - would constitute an impermissible windfall to the *Ochoa* Settlement Class. *That* would be an injustice.

## IV. PLAINTIFF'S PUTATIVE CLASS CLAIMS ARE ALSO BARRED BY THE DOCTRINE OF RELEASE

As explained in Defendants' moving papers, the doctrine of release focuses on the specific factual allegations and whether they fall within particular settlement release language (as well as the scope of the allegations in the operative complaint of the settled case). *See* Mot. at 14:18-15:17 (citing cases). Here, the *Ochoa* SAC factually alleges that Defendants "maintained a policy, practice, and/or procedure whereby they required [putative class members] to arrive approximately 15 minutes prior to the start of their shift in order to perform work, *including* arranging the stores before they opened to the public…". The *Ochoa* plaintiffs alleged that Defendants had a policy of requiring up to 15 minutes of pre-shift off-the-clock work activity and provided an example of one type of activity. Plaintiff herein pleads the identical factual predicate – that Defendants had a policy and practice of requiring pre-shift work activity – and similarly provides another example of such activity (Covid screenings). Dkt. #1 (Complaint), ¶¶ 17-18.

The factual predicate for the alleged failure to pay all wages is the same – an alleged practice of mandatory off-the-clock work activity immediately prior to the start of one's shift. Plaintiff's attempt to further slice this requirement has **no support,** as well as no practical end. It would swallow the release defense altogether. Further, it is the "Ninth Circuit's long-standing rule that a settlement agreement may bar a *future, related action* even where the *later claim was not initially presented*." *Rangel*, 2016 WL 6821788 at *6 (emph. added).[9] Accordingly, Plaintiff's putative class claims are separately barred by the doctrine of release.

## V. PLAINTIFF LACKS STANDING TO PURSUE CLASS CLAIMS FOR THE POST-*OCHOA* RELEASE PERIOD (POST-MAY 26, 2021)

Plaintiff does not dispute – and thus concedes – that if the Court agrees that Plaintiff's putative class claims were resolved through May 26, 2021 in *Ochoa*, then Plaintiff lacks standing to pursue class claims post-*Ochoa* because she did not work for Defendants or thus experience any alleged Labor Code violations following the *Ochoa* release period.[10] Instead, she seeks an opportunity to find a substitute class representative. Opp. at 19:12-14. But "many district courts in [the Ninth Circuit] permit substitution only after a class has been certified." *De La Cueva v. Alta Dena Certified Dairy, LLC*, 2013 WL 12129947, at *3 (C.D. Cal. May 9, 2013) (citing cases).[11] Accordingly, Plaintiff's request to "find" a substitute class representative should be denied.

///
///
///
///
///

---

[9] *See also, e.g., TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982) ("[I]n order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been in the class action.").
[10] *See* n.4, *supra*.
[11] *See also e.g., Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009) ("[T]he reason substitution is appropriate after class certification is that 'once certified, a class acquires a legal status separate from that of the named plaintiffs…").

## VI. CONCLUSION

For all of the foregoing reasons, and as set forth in Defendants' moving papers, Defendants respectfully request that the Court grant this Motion and enter judgment in their favor on Plaintiff's putative Class Claims.

Dated:  June 3, 2024            **BAKER & HOSTETLER LLP**

By: */s/ Phillip J. Eskenazi*
Phillip J. Eskenazi
Kerri H. Sakaue
Attorneys for Defendants
VICTORIA'S SECRET STORES, LLC
and L BRANDS, INC. (now known as BATH & BODY WORKS, INC.)